UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIA DAY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:07CV01938 ERW |
| SAM'S EAST, INC. d/b/a SAM'S CLUB, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Dia Day's ("Plaintiff") Motion to Amend Her Pleadings to Add a Party [doc. #15]. A hearing was held on March 3, 2008, and the Court heard arguments from the parties on the Motion.

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Absent good reason for denial, such as undue delay, dilatory motive, undue prejudice, or bad faith, a request for leave to amend should be granted. *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989). Sam's East, Inc. ("Defendant") asserts that Plaintiff seeks to add Ms. Portell as a defendant for the sole purpose of destroying diversity jurisdiction, and opposes this fraudulent joinder.

There is no indication that Plaintiff's request is the result of undue delay. Plaintiff attempted to add Ms. Portell as a defendant prior to the removal of this action from state court. It is unclear why Plaintiff allowed this case to remain pending before this Court for three months before filing the pending motion, however, this delay is not significant. Defendant has failed to show bad faith on the part of Plaintiff, and will suffer no undue prejudice from this amendment.

Defendant's argument that this amendment is "fraudulent" fails. *See Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983). "Fraudulent joinder exists if, on the face of plaintiff's

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

state court pleadings, no cause of action lies against the resident defendant." *Id.* The Court must determine "whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810-11 (8th Cir. 2003).

Under Missouri law, an employee may be personally liable if the "employee has or assumes full and complete control of his employer's premises." *State ex rel. Kyger v. Koehr*, 831 S.W.2d 953, 956 (Mo. Ct. App. 1993). Even if the employee did not have complete control, they may still be liable "when he breaches some duty which he owes to such third person." *Id.* Plaintiff alleges that Ms. Portell was ultimately responsible for the maintenance and upkeep of the area where Plaintiff was injured. The allegations against Ms. Portell relate directly to the gravamen of Plaintiff's original complaint, and appear to impose liability against Ms. Portell under governing state law. *Manning v. Wal-Mart Stores East, Inc*. 304 F. Supp 2d 1146 (E.D. Mo. 2007). The evidence before the Court indicates that this joinder is not fraudulent.

With the joinder of Ms. Portell as a defendant, there is no complete diversity, and the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Filla*, 336 F.3d at 811. This action must be remanded.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Her Pleadings to Add a Party [doc. #15] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Eleventh Judicial Circuit Court of Missouri (St. Charles County) from which it was removed.

Dated this <u>3rd</u> Day of <u>March</u>, 2008.

                                                                           _E. Richard Webber_ (signature)
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com