UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIA DAY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:07CV01938 ERW |
| SAM'S EAST, INC. d/b/a SAM'S CLUB, et al., | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Sam's East, Inc.'s Motion for Reconsideration or in the Alternative for Costs and Fees [doc. #20].

By Memorandum and Order dated March 3, 2008, this Court granted Dia Day ("Plaintiff") leave to amend her complaint to add a party. This amendment resulted in the parties no longer being diverse. As the Court no longer had jurisdiction, the Court also ordered the Clerk of Court to remand this action. In the pending Motion, Sam's East, Inc. ("Defendant") asks the Court to reconsider the Memorandum and Order allowing Plaintiff to amend her Complaint.

A "motion to reconsider" is not explicitly contemplated by the Federal Rules of Civil Procedure. Typically, courts construe a motion to reconsider as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) or as a motion for relief from a final judgment, order, or proceeding under Fed. R. Civ. P. 60(b). The Court's Memorandum and Order was not a judgment, and therefore Defendant's Motion does not fall within Fed. R. Civ. P. 59(e). However, Defendant's Motion may be considered pursuant to Fed. R. Civ. P. 60(b), which allows relief from an order for only limited reasons. *See* Fed. R. Civ. P. 60(b).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Defendant states that it "does not dispute this Court's analysis of the law or its decision with respect to its analysis as far as it is to take Plaintiff on her word." Instead, Defendant alleges that Plaintiff's joinder is fraudulent, and that Plaintiff has made misrepresentations in order to "have a more favorable forum." Defendant seeks relief under Fed. R. Civ. P. 60(b) on the basis of "fraud . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b).

Defendant alleges that Plaintiff does not have a legitimate desire to bring this suit against anyone other than Defendant, and that her true motivation for amending her Complaint was to add a non-diverse party in order to destroy this Court's jurisdiction. However, Defendant has "not provide[d] the district court with clear and convincing evidence that [Plaintiff] engaged in fraud or other misconduct or that any misconduct prevented them from fully and fairly presenting their case." *Sangi v. Fairbanks Capital Corp.*, 219 F.App'x 359, 362 (5th Cir. 2007); *see also, E.F. Hutton & Co., Inc. v. Berns*, 757 F.2d 215, 216-17 (8th Cir. 1985). In the absence of such clear and convincing evidence, the Court must affirm the Memorandum and Order dated March 3, 2008.

Additionally, Defendant's Motion fails as Fed. R. Civ. P. "60(b) is an extraordinary remedy and will be justified only under exceptional circumstances." *Prudential Ins. Co. of America v. National Park Med. Ctr., Inc.,* 413 F.3d 897, 903 (8th Cir. 2005) (internal citation omitted). Defendant has not shown that any exceptional circumstances exist, and the denial of this Motion is appropriate.

In the alternative, Defendant asks that the Court order Plaintiff to pay Defendant's costs and attorney's fees associated with removal and proceeding before this Court. A district court has discretion to award costs and fees. *Campos v. City of Blue Springs, MO*, 289 F.3d 546, 553

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

(8th Cir. 2002); *see also, Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993).[1] However, the procedural history of this action demonstrates that an award of costs and fees would not be an appropriate use of the Court's discretion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sam's East, Inc.'s Motion for Reconsideration or in the Alternative for Costs and Fees [doc. #20] is **DENIED.**

Dated this 10th Day of April, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that 28 U.S.C. 1447(c) specifically provides for the payment of costs and fees incurred as a result of removal. However, this statute is intended to protect plaintiffs whose actions are improperly removed from state to federal court, and not the defendant who sought removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As Defendant had "an objectively reasonable basis" for the removal of this action, Plaintiffs may not seek the payment of costs and fees under this statute. *Id.*

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com